## JUAN PEREZ *v.* THE STATE.

10  327
33  178
10  327
36  616

1. INFORMATIONS — PRACTICE.— The better practice in cases where the information has been torn and so mutilated as to render illegible an entire line, would be to substitute the document under the provisions of art. 434, Code Crim. Proc.
2. SAME.— An information in misdemeanor cases not based upon a complaint is insufficient to charge an offense, and upon motion or exception should be quashed. And such an exception would also be good on motion in arrest of judgment.
3. AFFIDAVIT of a party who had been made infamous by reason of his previous conviction of a felony is not a legal or valid foundation for an information, and such exception, if sustained by proper evidence, would be available by a motion to quash or in arrest of judgment.
4. EVIDENCE.— The judgment of conviction and that alone is the legal

and conclusive proof of the affiant's conviction, and his consequent infamy, and proof that the records of the court in which he was convicted were partially searched without finding the judgment, and that those records were voluminous, does not bring the defense within the rule which would allow it to resort to secondary evidence to show the affiant's infamy.

5. Motion in Arrest of Judgment for such a cause is insufficient unless accompanied by the judgment, or an authenticated copy of the same, when no sufficient predicate for secondary evidence of the conviction had been laid.

6. Evidence.— See evidence held to be insufficient to support a verdict of conviction for an assault.

Appeal from the County Court of Wilson. Tried below before the Hon. A. H. Abney, County Judge.

The information was based upon the affidavit of Juan Hernandez, and charged the appellant with an aggravated assault and battery. On trial he was found guilty of a simple assault, and his fine fixed at $2.50.

Frank Payne was the only material witness for the State, and he testified that, while sitting in front of Abney's store in Lodi, on the 24th day of June, 1879, he saw Hernandez walking along the road about one hundred yards distant, drunk and laden with bundles. The defendant, on horseback, ran up from behind rapidly and reached forward and either pushed or pulled Hernandez, who fell, scattering his bundles. Hernandez got up immediately. The witness did not think that the defendant's horse struck Hernandez, nor did he know that it was the defendant's intention to injure Hernandez. The remaining witness merely saw the defendant's horse running and Hernandez regaining his feet. The 24th of June was "San Juan's" day with the Mexicans, which they habitually celebrate by fast riding and drinking.

The substance of the testimony of Grier, for the defense, was that defendant's horse became unmanageable, and he had to push Hernandez to keep from running over him. The defendant called to Hernandez to get out of the way

before he reached him, which Hernandez failed to do, and in the opinion of the witness the push alone prevented him from being run over. The witness rode from an adjoining town with the defendant that morning, and observed that his horse was not bridle-wise, and was consequently difficult to control.

*A. J. Williams*, for the appellant.

*Horace Chilton*, Assistant Attorney General, for the State.

WHITE, J. The information having been torn in two and mutilated thereby to the extent that one entire line was illegible, the better practice would have been for the county attorney to have substituted it under the provisions of art. 434, Code Crim. Procedure.

In misdemeanor cases the law contemplates and requires that the information shall be based upon the complaint, and the complaint is a fundamental part of the information. Acts 1876, p. 87, § 15; Code Crim. Proc. art. 36. Without a complaint upon which to base it, a motion to quash or exceptions to the information would be good in law. Any inherent defect in the complaint might, we also apprehend, be reached by a motion to quash or exceptions to the information. Our statute further provides that " a motion in arrest of judgment shall be granted upon any ground which would be good upon exceptions to an indictment or information for any substantial defect therein." Code Crim. Proc. art. 787. Infamy occasioned by a party's having been convicted of felony renders him incompetent to testify, under our statute. Code Crim. Proc. art. 730, subdiv. 5. Not only so, " but it is said that his affidavit cannot be read to support a criminal charge." Whart. Crim. Ev. (8th ed.) sec. 364; *Long* v. *State*, *ante*, p. 186.

A complaint made by a party thus infamous is not a

legal and valid foundation for an information, any more than his testimony would be admissible as legal evidence; and such an objection to a complaint would, if sustained by proper evidence, be good on a motion to quash or exceptions. If good on a motion to quash, then it would be equally available on a motion in arrest of judgment.

In the case under consideration, however, the defendant did not bring himself within the rule which would allow secondary evidence of affiant's infamy. Neither the fact that the records of Bexar county had been partially searched and searched in vain for the judgment of conviction, nor the fact that the records were voluminous, would avail. It is the judgment of conviction, and that alone, which is the legal and conclusive evidence of the party's guilt for the purpose of rendering him incompetent to testify. 1 Greenl. Ev. sec. 375; *Cooper v. State,* 7 Texas Ct. App. 194. The motion in arrest in this case was not sufficient, because not accompanied by the judgment or an authenticated copy of the same.

We are of opinion, however, that the motion for a new trial should have been granted. We are clearly of opinion that the verdict and judgment are against the evidence, and we cannot give our assent to its sufficiency to support them.

The judgment is reversed and the cause remanded.
*Reversed and remanded.*